UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:21-cv-80801-AMC

SHEDRICK LANG,

    Plaintiff,

v.

AT&T MOBILITY SERVICES, LLC,
a Delaware corporation,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant AT&T Mobility Services LLC, ("Defendant" or "AT&T"), through its undersigned counsel, answers Plaintiff's Amended Complaint ("Complaint") as follows:

1.    Defendant admits that Plaintiff's Complaint asserts claims under the Title VII, 42 U.S.C. §1981 and the Florida Civil Rights Act. Except as expressly admitted, Defendant denies the allegations in paragraph 1 of the Complaint.

2.    Defendant admits Plaintiff has made allegations of discrimination and retaliation based on his race and color, but denies that any unlawful employment practices occurred and that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations in paragraph 2 of the Complaint.

3.    Defendant admits jurisdiction is proper in this Court. Except as expressly admitted, Defendant denies the allegations in paragraph 3 of the Complaint.

4.    Defendant admits jurisdiction is proper in this Court. Except as expressly admitted, Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant admits venue is proper in this Court and, upon information and belief, admits Plaintiff was and is a resident of the State of Florida. Defendant denies any wrongdoing or unlawful conduct with respect to Plaintiff's employment. Except as expressly admitted, Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits AT&T Mobility Services LLC is the proper defendant, is a Delaware corporation authorized to conduct business in the State of Florida, with its principal place of business in Atlanta, Georgia, and has employed more than 15 employees for 20 weeks or more during any relevant time period. Defendant further admits AT&T Corp., improperly named as the Defendant in this matter, is a New York corporation with its principal place of business in Dallas, Texas. Except as expressly admitted, Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant admits Plaintiff filed EEOC Charge No. 510-2017-02295 which he dated September 28, 2017, alleging race discrimination and retaliation, and a copy of the Charge was attached to the Complaint as Exhibit A. Except as expressly admitted, Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant admits Plaintiff filed EEOC Charge No. 510-2018-04856 which he dated June 7, 2018, alleging race discrimination and retaliation, and a copy of the Charge was attached to the Complaint as Exhibit B. Except as expressly admitted, Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant admits the Notices of Right to Sue (Issued on Request) were issued for both EEOC Charges on February 5, 2021 and were attached to the Complaint as Exhibit C. Except as expressly admitted, Defendant denies the allegations in paragraph 10 of the Complaint.

11. Admitted, upon information and belief.

12. Defendant admits Notices of Right to Sue were issued for both EEOC Charges on February 5, 2021 and this lawsuit was filed on April 30, 2021. Except as expressly admitted, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits Plaintiff's AT&T Net Credited Service Date and Hire Date is January 3, 2005 and that he has been continuously employed through the present day. Except as expressly admitted, Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant admits Plaintiff was initially hired by AT&T Mobility Services LLC (formerly Cingular Wireless) as a Retail Sales Consultant in Delray Beach, Florida, that his Net Credited Service Date and Hire Date is January 3, 2005. Except as expressly admitted, Defendant denies the allegations in paragraph 16 of the Complaint due to lack of information sufficient to justify a belief therein.

17. Defendant admits that throughout his employment with Defendant, Plaintiff has applied for numerous positions, both management and non-management. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's thought process with respect to applying for promotions and, therefore denies those allegations. Except as expressly admitted, Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff was not promoted in 2010. Except as expressly admitted, Defendant denies the allegations in paragraph 18.

19. Defendant admits Plaintiff informed HR Manager Maureen Freeman ("Freeman") that he was frustrated about not being selected for job vacancies and promotions for which he had

applied, but denies he ever mentioned to Freeman allegations regarding race, color, or any other type of discriminatory or retaliatory treatment. Except as expressly admitted, Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant admits Plaintiff applied for and was selected for a promotion to the position of Assistant Store Manager and that he transitioned to that role on or about March 1, 2011. Defendant further admits Michael Moore ("Moore"), Area Retail Sales Manager, interviewed Plaintiff and was involved in that hiring decision. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff participated in a panel interview for that position and therefore denies same. Except as expressly admitted, Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant admits Moore was Plaintiff's skip-level supervisor holding the job title of Area Retail Sales Manager and was familiar with Plaintiff's sales performance as a Retail Sales Consultant. Defendant further admits that Moore interviewed Plaintiff and was involved in that hiring decision. Except as expressly admitted, Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22.

23. Defendant admits Plaintiff applied for and was selected for a promotion to the position of Assistant Store Manager and that he transitioned to that role on or about March 1, 2011. Except as expressly admitted, Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant admits Plaintiff worked as an Assistant Store Manager at the Wellington Green retail store (a new store at the time), that Chris Shurley was promoted and Plaintiff was transferred back to the Delray Beach retail store. Defendant further admits Plaintiff's job title was

Assistant Store Manager from March 2011 through September 2012. Except as expressly admitted, Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant admits Brendan Carlin ("Carlin"), a white male, held the same job title as Plaintiff – Assistant Store Manager – and also worked in the Delray Beach retail store alongside Plaintiff. Except as expressly admitted, Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief about the allegations in paragraph 26 and therefore denies same.

27. Defendant denies the allegations in paragraph 27.

28. Defendant admits Gail Deviddio ("Deviddio") managed the Delray Beach retail store for a period of time and then became a floating manager. Thereafter, Fran Zammitta ("Zammitta") became the Retail Store Manager. Except as expressly admitted, Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant admits a time sheet audit was conducted by the HR Department which revealed Plaintiff and Carlin were not adhering to their schedules and Plaintiff participated in a meeting with Moore, Deviddio and Zammitta wherein the results of the audit were discussed. Except as expressly admitted, Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies same.

31. Defendant admits Plaintiff participated in a meeting with Moore, Deviddio and Zammitta to discuss his attendance and adhering to the store schedule. Except as expressly admitted, Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant admits Carlin applied for a promotion to Senior Training Manger Delivery and was selected for that position. Except as expressly admitted, Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant admits Moore had a conversation with Plaintiff and gave him the option of going back to the Retail Sales Consultant role or continuing to be an Assistant Store Manager at a different retail store and being placed on a performance improvement plan. Defendant further admits Plaintiff elected to step down to the Retail Sales Consultant role. Except as expressly admitted, Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant admits Plaintiff elected to become a Retail Sales Consultant at the Okeechobee retail store and that his job title was changed back to Retail Sales Consultant on or about October 1, 2012. Except as expressly admitted, Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant admits India Judd was the Retail Store Manager at the Okeechobee store where Plaintiff worked. Except as expressly admitted, Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant admits that throughout his employment with AT&T, Plaintiff has applied for numerous positions, both management and non-management. Except as expressly admitted, Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies same.

38. Defendant admits Plaintiff applied for the position of Compliance Security Analyst in the Global Legal Demand Center ("GLDC") on multiple occasions, but was never selected for

that position. Except as expressly admitted, Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant admits Plaintiff applied for and was selected for the position of Associate Analyst in the GLDC and that he was promoted to that role on or about March 16, 2014. Defendant further admits the Associate Analyst position is in a lower pay band than the Legal Analyst position and incorporates clerical work. Except as expressly admitted, Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant admits that Plaintiff met with Mary Anderson on one occasion and she explained that in order to be considered for other positions, Plaintiff must first apply for those vacancies. Except as expressly admitted, Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant admits Plaintiff submitted his application for a Compliance Security Analyst position (Staffing Requisition #1702063) on January 23, 2017 and that he was interviewed for that position, but was not determined to be the most qualified candidate. Except as expressly admitted, Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant admits that after Plaintiff's interview, at Plaintiff's request, Rami Eid contacted Todd Gross ("Gross") and Dianna Nelson ("Nelson") to follow up on the status of the vacancy. Except as expressly admitted, Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant admits Gross and Nelson met with Plaintiff on April 25, 2017 and explained that he was not selected for the position. Except as expressly admitted, Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant admits Plaintiff sent a letter dated May 10, 2017 via certified mail to AT&T Client Services in Norcross, Georgia, alleging discrimination based on his race and sexual orientation. Defendant further admits Ashley Strong emailed Plaintiff on May 24, 2017, interviewed Plaintiff on June 1, 2017, and notified him on June 7, 2017 that Cherry Tomczeszyn ("Tomczeszyn") would be investigating this matter. Except as expressly admitted, Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant admits Tomczeszyn placed a call to Plaintiff on May 16, 2017 and left a voice mail informing him she would be investigating a complaint that had been called into the Ethics Hotline and that Tomczeszyn contacted Plaintiff on multiple occasions thereafter. Except as expressly admitted, Defendant denies the allegations in paragraph 46 of the Complaint.

49. Defendant admits Tomczeszyn spoke to Plaintiff on August 7, 2018 and informed him no discrimination was found and the investigation was closed. Except as expressly admitted, Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant admits Plaintiff applied for an Assistant Store Manager vacancy (Requisition #1759012) on September 7, 2017 and was not selected to fill that position. Except as expressly admitted, Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant admits Plaintiff filed EEOC Charge No. 510-2017-02295 which he dated September 28, 2017, alleging race discrimination and retaliation, and a copy of the Charge was attached to the Complaint as Exhibit A. Except as expressly admitted, Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant admits Plaintiff informed Mary Anderson and Christian Sanchez about sharing work responsibilities with his co-workers and also contacted HR Manager Kelly Foster on August 10, 2017 to discuss the following: that he was placed on a Written Warning for unauthorized use of the internet, that he felt he was doing more work than his peers, and that he felt he was not receiving the same advancement opportunities as others. Except as expressly admitted, Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant admits Plaintiff was observed sleeping at his desk when he was supposed to be working and stated that staring at the computer affected his vision and gave him headaches. Except as expressly admitted, Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies same.

56. Defendant admits that Plaintiff's business unit was placed under Kent Mader's ("Mader") leadership, that Mader visited the GLDC, and that all employees of the GLDC were notified in advance of his impending visit and were invited to the huddle area to meet him. Except as expressly admitted, Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant admits that via letter addressed to Rami Eid, dated December 13, 2017, Plaintiff requested a salary increase and alleged there was a disproportionate assignment of work in the clerical department. His request was ultimately denied and the salary treatment process was discussed with Plaintiff. Except as expressly admitted, Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58.

59. Defendant admits Plaintiff and Valerie Rojas were selected for surplus under Business Case 17-Q4-539m, Affected Work Group ("AWG") 2 and notified of their selection on or about February 5, 2018 and given the option of 60 days to secure other employment within AT&T to avoid being surplussed. Defendant further admits that two conference calls were scheduled – one for the employees designated for surplus so they could better understand the procedure going forward and ask questions as needed, and another conference call for those who were not selected for surplus and would remain in their current jobs. Except as expressly admitted, Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant admits Plaintiff and the other employees who were designated for surplus were given the option of 60 days to apply for other vacancies within AT&T to avoid being surplussed and were given priority consideration. Except as expressly admitted, Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant admits Plaintiff applied for several vacancies which included Level 1A, 1B, and Level 2 management positions, as well as non-management vacancies. Defendant further admits Plaintiff chose to apply for the Retail Sales Consultant position and was ultimately hired into that position, which he still holds today. Except as expressly admitted, Defendant denies the allegations in paragraph 60 of the Complaint.

62. Defendant admits that Plaintiff contacted Human Resources to receive information related to his pay in the new position, and that Plaintiff received inaccurate information insofar as any pay protection that was later corrected. Except as expressly admitted, Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant admits incorrect information was initially shared with Plaintiff relating to pay protection when he accepted the Retail Sales Consultant position, but that it was corrected

by Associate Director – HR Business Partner Connie Black, and as a concession, the Company offered Plaintiff the option of returning to his previous management position and an additional 45 days to continue his search for a different job. Except as expressly admitted, Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant admits Plaintiff emailed Mader on March 23, 2018 and Mader responded to his email. Except as expressly admitted, Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant admits Plaintiff filed EEOC Charge No. 510-2018-04856 which he dated June 7, 2018, alleging race discrimination and retaliation, and a copy of the Charge was attached to the Complaint as Exhibit B. Except as expressly admitted, Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant admits Plaintiff's position on the Mobile Retail team was eliminated in December 2019 and Plaintiff elected to transfer to the management position of Integrated Solutions Consultant. Defendant further admits that in November and December 2019, Plaintiff applied for two Assistant Store Manager vacancies. Except as expressly admitted, Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant admits Plaintiff filed an internal complaint via AT&T's Ethics Hotline alleging he was not selected for an Assistant Store Manager position because of his race. Defendant further admits Plaintiff's complaint was investigated, the allegations of racial discrimination were unsubstantiated, and no EEO Policy violation was found. Except as expressly admitted, Defendant denies the allegations in paragraph 69 of the Complaint.

70. As to Paragraph 70 of the Complaint, Defendant adopts and incorporates herein its answers to paragraphs 1 through 69 above as if fully set forth herein.

71. Defendant admits the allegations in paragraph 71.

72. Defendant admits the allegations in paragraph 72 as it alleges that Plaintiff was medically qualified to perform the essential functions of his job. Except as expressly admitted, Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following paragraph 77 of the Complaint.

78. As to Paragraph 78 of the Complaint, Defendant adopts and incorporates herein by reference its answers to paragraphs 1 through 69 above.

79. Defendant admits the allegations in paragraph 79.

80. Defendant admits that at all times Plaintiff was medically qualified to perform the essential duties of his job. Except as expressly admitted, Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following paragraph 85 of the Complaint.

86. As to Paragraph 86 of the Complaint, Defendant adopts and incorporates herein by reference its answers to paragraphs 1 through 69 above.

87. Defendant admits the allegations in paragraph 87.

88. Defendant admits that Plaintiff was medically qualified to perform the essential functions of his job. Except as expressly admitted, Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

95. Defendant is without knowledge or information sufficient to form a belief as to the fee arrangements between Plaintiff and his attorney, and the allegations contained in paragraph 95 are therefore denied. Defendant denies all other allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following paragraph 98 of the Complaint.

99. As to Paragraph 99 of the Complaint, Defendant adopts and incorporates herein by reference its answers to paragraphs 1 through 69 above.

100. Defendant admits Plaintiff engaged in protected activity when he complained of discrimination based on race or color. Defendant denies any wrongdoing with respect to Plaintiff's employment. Except as expressly admitted, Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant admits that Plaintiff was medically qualified to perform his job duties. Except as expressly admitted, Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant denies the allegations in paragraph 102.

103. Defendant denies the allegations in paragraph 103.

104. Defendant denies the allegations in paragraph 104.

105. Defendant denies the allegations in paragraph 105.

106. Defendant denies the allegations in paragraph 106.

107. Defendant denies the allegations in paragraph 107.

108. Defendant is without knowledge or information sufficient to form a belief as to the fee arrangements between Plaintiff and his attorney, and the allegations contained in paragraph 108 are therefore denied. Defendant denies all other allegations in paragraph 108.

109. Defendant denies the allegations in paragraph 109.

110. Defendant denies the allegations in paragraph 110.

111. Defendant denies the allegations in paragraph 111. Additionally, Plaintiff's employment has never been terminated -- he has been continuously employed by AT&T since his Net Credited Service Date of January 3, 2005.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following paragraph 111 of the Complaint.

112. As to Paragraph 112 of the Complaint, Defendant adopts and incorporates herein by reference its answers to paragraphs 1 through 69 above.

113. Defendant admits the allegations in paragraph 113.

114. Defendant admits the allegations in paragraph 114.

115. Defendant admits the allegations in paragraph 115.

116. Defendant denies the allegations in paragraph 116.

117. Defendant denies the allegations in paragraph 117.

118. Defendant denies the allegations in paragraph 118.

119. Defendant denies the allegations in paragraph 119.

120. Defendant denies the allegations in paragraph 120.

121. Defendant denies the allegations in paragraph 121.

122. Defendant denies the allegations in paragraph 122.

123. Defendant is without knowledge or information sufficient to form a belief as to the fee arrangements between Plaintiff and his attorney, and the allegations contained in paragraph 123 are therefore denied. Defendant denies all remaining allegations in paragraph 123.

124. Defendant denies the allegations in paragraph 124.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following paragraph 124 of the Complaint.

125. As to Paragraph 125 of the Complaint, Defendant adopts and incorporates herein by reference its answers to paragraphs 1 through 69 above as if fully set forth herein.

126. Defendant admits that Plaintiff engaged in protected activity when he complained of discrimination based on race or color.

127. Defendant admits that Plaintiff was medically qualified to perform his job duties. Except as expressly admitted, Defendant denies the allegations in paragraph 127 of the Complaint.

128. Defendant denies the allegations in paragraph 128.

129. Defendant denies the allegations in paragraph 129.

130. Defendant denies the allegations in paragraph 130.

131. Defendant denies the allegations in paragraph 131.

132. Defendant denies the allegations in paragraph 132.

133. Defendant denies the allegations in paragraph 133.

134. Defendant is without knowledge or information sufficient to form a belief as to the fee arrangements between Plaintiff and his attorney, and the allegations contained in paragraph 134 are therefore denied. Defendant denies all other allegations in paragraph 134.

135. Defendant denies the allegations in paragraph 135.

136. Defendant denies the allegations in paragraph 136.

137. Defendant denies the allegations in paragraph 137.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following paragraph 137 of the Complaint.

Defendant admits that Plaintiff demands a jury trial, but denies that he can present an issue triable by jury.

Defendant denies each and every allegation contained in Plaintiff's Complaint not expressly admitted above and reserves the right to raise additional defenses based on the evidence discovered in pursuit of this litigation.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses:

### FIRST DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent Plaintiff's Complaint was not filed within the applicable statutes of limitation, it is barred.

### THIRD DEFENSE

To the extent Plaintiff failed to satisfy any conditions precedent to his statutory claims, such claims are barred.

### FOURTH DEFENSE

To the extent that Plaintiff's Complaint was not filed within 90 days after he received a Notice of Right to Sue from the Equal Employment Opportunity Commission, Plaintiff's claims under Title VII are barred as untimely.

### FIFTH DEFENSE

To the extent the Complaint asserts discrimination claims other than those asserted in a timely charge of discrimination, such claims are barred.

### SIXTH DEFENSE

To the extent that Plaintiff has failed to comply with his duty to mitigate his alleged damages, the entitlement to which is expressly denied, such damages must be reduced.

### SEVENTH DEFENSE

Any and all acts or omissions by Defendant were undertaken in good faith, based upon legitimate, non-discriminatory and non-retaliatory business reasons, and upon reasonable belief

that AT&T was not violating any federal or state laws including, but not limited to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5 et. seq.; the Florida Civil Rights Act, § 760.01-760.11, Fla. Stat, or any other federal or state statute.

## EIGHTH DEFENSE

Defendant has a well-disseminated and consistently enforced policy protecting its employees' rights against unlawful discrimination or retaliation and a reasonable and available procedure for receiving and investigating complaints of such conduct or behavior. To the extent Plaintiff failed to use or otherwise avail himself of this policy and procedure, Plaintiff's claims may be barred.

## NINTH DEFENSE

Defendant denies that race or any impermissible motive played a role in any employment decisions relating to Plaintiff. Alternatively, even if some impermissible motive was a factor in any of those decisions, the same decisions would have been reached for legitimate, non-discriminatory business reasons.

## TENTH DEFENSE

Plaintiff's claim for damages, the entitlement to which is denied, must be reduced to the extent Defendant discovers after-acquired evidence of wrongdoing by Plaintiff for which it would have terminated his employment.

## ELEVENTH DEFENSE

Defendant has made a good faith effort to comply with all applicable anti-discrimination laws by, among other things, establishing and publishing written policies prohibiting unlawful discrimination and making a consistent practice of not tolerating any violation of those policies. Defendant has not engaged in any alleged conduct with malice or reckless indifference to the

protected rights of Plaintiff. Consequently, Defendant is not liable for punitive damages with respect to any alleged conduct by its employees that are contrary to those policies.

## TWELFTH DEFENSE

Any damages or losses Plaintiff alleges to have suffered were, in whole or in part, the proximate and/or actual result of Plaintiff's own actions.

## THIRTEENTH DEFENSE

Defendant reserves the right to raise additional defenses based on evidence discovered in pursuit of this litigation.

Defendant reserves the right to amend or add any additional defenses which may become known during the litigation of this matter.

WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendant respectfully prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be entered against Plaintiff and in favor of Defendant;

3. Defendant be awarded its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and

4. This Court award such other and further relief as is just and proper.

This 7th day of July, 2021.

          Respectfully submitted,

          */s/ Samantha Tesser Haimo*
          Samantha Tesser Haimo
          Florida Bar No. 148016
          Feigeles & Haimo LLP
          7900 Peters Road - Suite B-200
          Fort Lauderdale, FL 33324
          Telephone: 954.376.5956
          Facsimile: 954.206.0188
          E-mail: STH@womenatlawfl.com

          Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2021, I electronically filed the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint using the Court's ECF system, which will automatically generate notice to the following counsel of record:

    Christopher C. Copeland, Esq.
    Christopher C. Copeland, P.A.
    1003 W. Indiantown Road, Suite 208
    Jupiter, FL  33458
    Email: ChrisCopeland@MyFloridaCounsel.com

    Sheldon W. Snipe, Esq.
    AT&T SERVICES, INC.
    One CNN Center NW @ South Tower
    Suite 1432B
    Atlanta, GA  30303
    Email: ss5526@att.com

          */s/ Samantha Tesser Haimo*
          Samantha Tesser Haimo
          Attorney for Defendant